## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | |
|---|---|
| **ROBERT L. BOLDEN, SR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )  **CAUSE NO.  2:09-cv-312-WTL-WGH** |
| | ) |
| **HELEN J. MARBERRY, Warden, United** | ) |
| **States Penitentiary, Terre Haute, Indiana, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### ENTRY ON MOTIONS TO RECONSIDER

Plaintiff Robert L. Bolden, Sr., who suffers from juvenile diabetes, alleges in this case that the Defendants have failed in a variety of respects to provide him with proper medical and dental care during his incarceration in the Special Confinement Unit at the Federal Correctional Complex in Terre Haute, Indiana.  When all of the Defendants moved for summary judgment on all of Bolden's claims, the Court granted the motion with one exception:  it denied summary judgment with regard to Bolden's claim against Defendant Thomas Webster, M.D., in his individual capacity with regard to his treatment of Bolden's diabetes prior to July 11, 2007.

Bolden has now filed a motion to reconsider several aspects of the Court's ruling (dkt. no. 72).  First, he argues that the Court improperly granted summary judgment in favor of the Defendants in their official capacities because he believes he can pursue official capacity claims for injunctive relief.  Second, he argues that the Court erred in granting summary judgment in favor of all of the Defendants except R.D. Shepherd with regard to his claim that they failed to provide him with a proper diabetic diet.  Third, he takes issue with the Court's analysis of his claim that the same Defendants failed to properly respond when he had episodes of hypoglycemia and hyperglycemia.  Fourth, he argues that the Court erred in granting summary

judgment in favor of Dr. Webster with regard to the treatment of Bolden's diabetes after July 10, 2007. Finally, he argues that the Court should not have granted summary judgment to any of the Defendants except Shepherd[1] with regard to his allegation that he did not receive adequate dental care.

In their response to Bolden's motion, the Defendants argue that a party who loses a motion for summary judgment may not move to reconsider in order to rehash the same arguments or advance new arguments that could have been made the first time around, and that is exactly what Bolden is attempting to do. And the Defendants are, of course, correct that, as a general rule, summary judgment is intended to be the "'put up or shut up' moment in the life of a case," *see, e.g., In re Airadigm Communications, Inc.*, 616 F.3d 642, 657 (7th Cir. 2010), not a practice run. The Defendants' response therefore is not surprising. What is surprising, however, is that shortly after asserting these arguments against Bolden, Dr. Webster filed what he terms as a second motion for summary judgment, but which really is his own motion to reconsider in that it raises an argument that could have been made in the original motion.

The Court is now in a bit of a quandary. If, in fact, Dr. Webster has meritorious arguments that he failed to present the first time around but which entitle him to summary judgment, it would, of course, be the most efficient course of action to review those arguments now rather than proceed with a fruitless trial. But it would unfair to hold firm to the "put up or shut up" rule with regard to Bolden and yet disregard it with regard to Dr. Webster.

The fact is that neither side did an exemplary job of presenting all of the issues and citing to appropriate evidence the first time around. The Court spent an extraordinary amount

---

[1]Bolden concedes that Shepherd is entitled to absolute immunity.

of time and effort sifting through extensive records and trying to make sense of them. In the end, as is noted in the Entry, the Court was left with the conclusion that "while it is not entirely impossible that Bolden might have made a case against some or all of the non-medical Defendants, it is neither required nor appropriate for the Court to 'sift through the record and make [Bolden's] case for him.'" Entry on Motion for Summary Judgment at 13-14 (footnote omitted) (citing *United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510 (7th Cir. 2010)). The Court is now left with the conclusion that justice will be best served by granting Bolden's motion to reconsider and permitting him another opportunity to defend against the Defendants' motion for summary judgment, while at the same time giving Dr. Webster the opportunity to raise his new issue.

Accordingly, Bolden's motion to reconsider (dkt. no. 72) is **GRANTED**. The Court hereby **VACATES** its Entry on Motion for Summary Judgment with regard to all of the Defendants except R.D. Shepherd as to the claims set forth below and grants the remaining Defendants leave to file new motion(s) for summary judgment[2] addressing those claims. The Court also **DENIES WITHOUT PREJUDICE** Dr. Webster's second motion for summary judgment (dkt. no. 91) so that the arguments made therein may be included in Dr. Webster's new motion for summary judgment. The claims now remaining in this case are as follow:

_____

[2]The Court notes that Bolden recently has obtained new counsel, and it is the Court's understanding that a conflict has been identified which may necessitate some or all of the Defendants obtaining new counsel. The Court recognizes that if some of the Defendants obtain separate counsel they may wish to file separate motions for summary judgment, and of course they may do so. No Defendant may file (or join in) more than one motion for summary judgment, however.

1.   Bolden's claim for injunctive relief against the remaining Defendants[3] in their official capacities;[4]

2.   Bolden's claim against the remaining Defendants based upon the failure to provide him with a proper diabetic diet;

3.   Bolden's claim against the remaining Defendants for failing to properly respond to his need for emergency medical care when he had episodes of hypoglycemia and hyperglycemia;

4.   Bolden's claim against Dr. Webster with regard to the treatment of his diabetes both before and after July 2007; and

5.   Bolden's claim against the remaining Defendants for failing to provide him with adequate dental care.

The parties may raise whatever arguments they wish and submit whatever evidence they have regarding these claims, without regard to what has or has not been previously raised or addressed by the Court.  In other words, the slate is clean.

The Court notes that Magistrate Judge Hussman has a status conference scheduled in this cause next month.  Accordingly, the Court requests that Magistrate Judge Hussman arrive at an appropriate briefing schedule with counsel regarding the filing of new motions for summary judgment.  However, all parties should note the following: **In order to aid in and expedite the Court's consideration of the parties' arguments, nothing may be incorporated by**

---

[3]To be clear, "the remaining Defendants" refers to all Defendants except Shepherd.

[4]The Court notes that in order to survive summary judgment on this claim Bolden will have to assert some legal basis for it other than *Bivens*.

**reference in any of the parties' summary judgment briefs.  The Court will consider only those arguments that are set forth in the new briefs filed by the parties; the Court will not review any previous filings, even if they are referenced within a brief.  The Court also will consider only the evidence that is specifically cited within those briefs and submitted as exhibits to those briefs.  Each exhibit referenced in a brief must be filed as an attachment to that brief (even if it appears elsewhere in the court's electronic file in this case) and must be given a descriptive name (e.g. Bolden Affidavit).  *See* Local Rule 5-6(a)(2).  In addition, the parties shall comply with Local Rule 5-6(a)(3), which requires that exhibits be "limited to excerpts that are directly germane to the main paper's subject matter."**

The parties are encouraged to confer in advance of the summary judgment deadline established by Magistrate Judge Hussman in order to determine whether Bolden is willing to stipulate that summary judgment is appropriate with regard to any of the remaining claims as to any of the remaining Defendants.  For example, the Court notes that there does not appear to be a basis for obtaining injunctive relief against Defendant Veach, inasmuch as he is no longer the warden at the prison, and there may be other claims which Bolden's new counsel determines are not viable after reviewing the evidence of record.

SO ORDERED:  03/08/2012

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification